IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

LEVERAGERF LLC,

Plaintiff,

v.

WILIOT, INC., and
WILIOT LTD

Defendants.

Civil Action No. 4:26-cv-1569

Jury Demand

## ORIGINAL COMPLAINT

Plaintiff LeverageRF LLC ("LeverageRF") files this Original Complaint for patent infringement against Defendants Wiliot, Inc. ("Wiliot US") and Wiliot LTD ("Wiliot Israel") (collectively "Defendants") and hereby alleges as follows:

## NATURE OF THE CASE

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

## THE PARTIES

2. LeverageRF is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business at 8021 Grand Teton Dr., Potomac MD 20854.

3. Upon information and belief, Wiliot US is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 13500 Evening Creek Drive N, Suite 120, San Diego, CA 92128.

4. Upon information and belief, Wiliot Israel is a Limited Company organized and existing under the laws of the State of Israel, with its principal place of business at Ha'Tochen 8, North Industrial Park, Caesarea, Israel.

5. Upon information and belief, Defendants are registered to conduct business in the State of Texas.

6. Upon information and belief, Defendants have a regular and established place of business within the Eastern District of Texas located at 6275 West Plano Parkway, Suite 500, Plano, Texas 75093.

7. Upon information and belief, Wiliot US may be served with process through its registered agent for service of process in the State of Texas.

8. Upon information and belief, Wiliot Israel may be served via registered mail with return receipt requested.

## JURISDICTION AND VENUE

9. This action arises under the patent laws of the United States, Title 35 of the United States Code ("U.S.C.") § 1 et seq.

10. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

11. This Court may properly exercise personal jurisdiction over Defendants because Defendants have committed specific acts within the Eastern District of Texas giving rise to this action and/or have established minimum contacts with the Eastern District of Texas such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. For example, Wiliot, directly and through subsidiaries, affiliates, or intermediaries, has committed and continues to commit acts of patent infringement in the Eastern District of Texas by, among other things, using, offering to sell, selling, and/or importing products

that infringe the ’253 Patent, as defined herein, including Wiliot’s battery-free “IoT Pixel” ambient RF energy-harvesting tags, from and through its regular and established place of business located at 6275 West Plano Parkway, Suite 500, Plano, Texas 75093.

12. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1400(b), as Wiliot has committed acts of infringement in the Eastern District of Texas and has a regular and established place of business in the Eastern District of Texas. Venue is proper in the Sherman Division of this District because Wiliot’s regular and established place of business at 6275 West Plano Parkway, Suite 500, Plano, Texas is located in Collin County, Texas, which lies within the Sherman Division. Venue is also proper as to Wiliot Israel pursuant to 28 U.S.C. § 1391(c)(3) because Wiliot Israel is not a resident of the United States and may be sued in any judicial district.

## THE TECHNOLOGY OF THE ’253 PATENT

13. The proliferation of wireless sensors, radio frequency identification (“RFID”) tags, and Internet of Things (“IoT”) devices has created a persistent need to supply electrical power to large numbers of small, distributed electronic devices without relying on wired power or on batteries that must be periodically replaced or recharged.

14. Batteries add cost, size, weight, and maintenance burden to wireless sensors and tags, and their limited service life is a significant obstacle to the widespread, low-cost deployment of wireless sensor networks and IoT devices.

15. United States Patent No. 7,400,253 (the “’253 Patent”), entitled “Harvesting Ambient Radio Frequency Electromagnetic Energy for Powering Wireless Electronic Devices, Sensors and Sensor Networks and Applications Thereof,” offers a solution to these problems. The ’253 Patent is attached hereto as **Exhibit A**.

16. The ’253 Patent is directed to systems and devices that harvest ambient radio frequency (“RF”) electromagnetic (“EM”) energy — such as energy radiated by WiFi routers, cellular telephone base stations, and other ambient RF sources already present in the environment — and use that harvested energy to power wireless electronic devices, sensors, and sensor networks, without need for a battery or other dedicated power supply. *Id.* at Abstract.

17. The ’253 Patent names Marc H. Cohen of Silver Spring, Maryland as the sole inventor.

18. The ’253 Patent was duly and legally issued on July 15, 2008, from an application filed July 24, 2006, claiming priority to provisional application no. 60/705,636, filed August 4, 2005, and remains valid and enforceable. *Id.*

19. The ’253 Patent comprises 35 claims, including independent claims 1, 15, and 35. Exemplary independent claim 1 is directed to an electronic device comprising, among other things, a control module comprising an energy harvesting controller, a tag module, a sensor module, an energy harvesting module adapted to wirelessly collect ambient RF EM energy, and a power module that provides a power supply for the control module generated by that collected ambient RF EM energy, wherein the energy harvesting controller assesses the power requirements of the tag and sensor modules, transfers power from the energy harvesting module to those modules, and charges a local energy storage device.

20. LeverageRF is the current owner by assignment of all rights, title, and interest in and to the ’253 Patent, including the right to sue for and collect past, present, and future damages for infringement of the ’253 Patent.

21. The ’253 Patent enjoys a statutory presumption of validity pursuant to 35 U.S.C. § 282.

## THE ACCUSED PRODUCTS AND WILIOT

22. Wiliot makes, uses, sells, offers for sale, and/or imports into the United States battery-free, ambient RF energy-harvesting tags marketed under the name "IoT Pixels," including all generations and variants thereof, that infringe one or more claims of the '253 Patent (collectively, the "Accused Products").

23. For example, upon information and belief, the Accused Products are postage-stamp-sized printed devices that operate without a battery, powering themselves entirely by harvesting ambient RF energy radiated by WiFi routers, cellular networks, Bluetooth devices, and other ambient RF sources present in their environment.

24. Upon information and belief, the Accused Products include an onboard energy-harvesting antenna(e) and associated RF-to-DC conversion circuitry (in later generations, a dual-band architecture comprising a sub-1 GHz antenna for long-range energizing and a 2.4 GHz antenna for close-range energizing) that convert harvested ambient RF energy into DC power sufficient to operate the device, without any battery or other independent power source.

25. Upon information and belief, the Accused Products include an integrated processor (e.g., an ARM Cortex-M0+ processor), onboard non-volatile memory, and one or more environmental sensors (e.g., temperature, humidity, light, and/or location sensors) that are powered exclusively by the harvested ambient RF energy.

26. Upon information and belief, the Accused Products use the power harvested from ambient RF energy to operate their onboard sensor(s) and to periodically or sporadically broadcast, via Bluetooth Low Energy, an identifier and associated sensor data to nearby Bluetooth-enabled readers or gateways for relay to Wiliot's cloud platform.

27. Wiliot has had notice of its infringement since at least March 11, 2026.

## COUNT I: INFRINGEMENT OF THE ’253 PATENT

28. LeverageRF hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

29. Pursuant to 35 U.S.C. § 271(a), Wiliot has previously and continues to directly infringe at least exemplary claim 1 of the ’253 Patent by making, using, selling, offering to sell, and/or importing into the United States the Accused Products.

30. Upon information and belief, the Accused Products are electronic devices comprising: a control module comprising an energy harvesting controller (i.e., Wiliot’s onboard power-management and control circuitry); a tag module controlled by said control module (i.e., a tag containing identifying information); a sensor module controlled by said control module (i.e., Wiliot’s onboard temperature, humidity, light, and/or location sensor(s)); an energy harvesting module controlled by said energy harvesting controller and adapted to wirelessly collect ambient radio frequency (RF) electromagnetic (EM) energy (i.e., antenna(e) and associated collection circuitry that capture ambient RF EM energy); and a power module adapted to provide a power supply for said control module, said power supply being generated by the collected ambient RF EM energy ; wherein said energy harvesting controller is adapted to (i) assess power requirements of each of the tag and sensor modules, (ii) transfer power from said energy harvesting module to any of said tag and sensor modules, and (iii) charge a local energy storage device. An exemplary claim chart is attached hereto as Exhibit B.

31. Wiliot has had actual notice of the ’253 Patent and the infringement alleged herein since at least March 11, 2026, when Mr. Cohen notified Wiliot of the infringement.

32. Despite having actual notice of the ’253 Patent and its infringement thereof since at least March 11, 2026, Wiliot has continued its infringing conduct. Wiliot is liable for

infringement of the ’253 Patent, and Wiliot's infringement has been and continues to be willful in nature since at least March 11, 2026.

33. Wiliot is liable for infringement of the ’253 Patent, and Wiliot’s infringement has been and continues to be willful in nature since at least the filing of this action.

34. LeverageRF has incurred and will continue to incur substantial damages, including monetary damages, as a result of Wiliot’s infringement of the ’253 Patent.

35. LeverageRF has been and continues to be irreparably harmed by Wiliot’s infringement of the ’253 Patent.

36. Therefore, LeverageRF is entitled to an injunction, actual and/or compensatory damages, reasonable royalties, pre-judgment and post-judgment interest, enhanced damages, and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, LeverageRF prays that judgment be entered in favor of LeverageRF and against Wiliot, and that LeverageRF be granted the following relief:

(i) A finding that Wiliot has infringed one or more claims of the ’253 Patent;

(ii) An award of damages sufficient to compensate LeverageRF for Wiliot’s infringement of the ’253 Patent pursuant to 35 U.S.C. § 284;

(iii) An award of prejudgment and post-judgment interest pursuant to 35 U.S.C. § 284;

(iv) A payment of ongoing royalties in an amount to be determined for any continued infringement after the date that judgment is entered;

(v) Treble damages for willful infringement as permitted under 35 U.S.C. § 284;

(vi) An award of attorneys’ fees incurred in prosecuting this action, on the basis that this is an exceptional case pursuant to 35 U.S.C. § 285;

(vii) An order enjoining Wiliot, its officers, subsidiaries, agents, servants, and employees, and all persons in active concert with any of the foregoing from further infringement of the '253 Patent for its remaining life; and

(viii) Such other and further relief as this Court shall deem appropriate.

## **JURY DEMAND**

LeverageRF demands a trial by jury on all issues so triable in this action.

Dated: October 25, 2026

Respectfully Submitted,

*/s/ Hao Ni*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Nicholas Najera
Texas Bar No. 24127049
nnajera@nilawfirm.com

Ni, Wang & Massand, PLLC
8140 Walnut Hill Lane, Suite 615
Dallas, Texas 75231
972-331-4602
972-314-0900 (fax)
Attorneys for Plaintiff